**FILED**
**Jun 18, 2021**
**09:59 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Angela Forester,** | ) | **Docket No.: 2020-01-0445** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Pilgrim's Pride Corp.,** | ) | **State File No.: 20584-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Ins. Co.,** | ) | **Judge: Audrey A. Headrick** |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION ORDER

---

Ms. Forester requested workers' compensation benefits for a left-knee injury from a trip and fall at work. Pilgrim's Pride denied benefits asserting her fall was idiopathic and did not arise out of the employment due to any hazard. After a June 11, 2021 Compensation Hearing, the Court agrees with Pilgrim's Pride and holds Ms. Forester is not entitled to benefits.

### History of Claim

The dispute in this case is whether Ms. Forester tripped and fell over her feet or a pressure washer wand allegedly lying on an uneven platform surface.[1] The witnesses' testimony differed over what Ms. Forester reported after she fell and what they saw at the location where she fell. No one witnessed Ms. Forester's fall, and the evidence suggested that no working camera taped the incident.

While working on March 17, 2020, Ms. Forester tripped and fell, injuring her left knee. She believed it was raining that day, and "everything was wet." Ms. Forester was carrying a file folder to meet with Jared Webber, her immediate supervisor, in his office.

---

[1] The parties used the phrase "pressure washer" and "power washer" interchangeably throughout the hearing.

She testified she exited the "Mill Office" building, went down the stairs, and attempted to step over a pressure washer wand lying on the platform. However, her right foot caught on the wand, causing her to fall off the platform, hitting her left leg on the pavement. Ms. Forester stated the stepdown from the platform to the road was part of the reason for her fall. She also said she could have been looking at the papers in her folder. Ms. Forester stated the pressure washer was left on the platform by Edwin Hunt, who had been using it all morning.

Mr. Hunt, who worked in utility maintenance, was the first person to see Ms. Forester after her fall. He stated she was sitting on the ground when he approached her, and she told him she tripped over her own feet.[2] Mr. Hunt testified he pressure washed the shop building that morning, and no equipment was near her. He acknowledged he might have gotten into trouble if someone fell over a pressure washer but said he would have taken responsibility had that happened.

Ms. Forester's immediate supervisor, Mr. Webber, was the next person who saw her after the fall. Ms. Forester testified she went straight to Mr. Webber's office and told him she fell over a pressure washer wand. However, Mr. Webber stated she told him, "I just fell" without referencing a pressure washer.

After leaving Mr. Webber's office, Ms. Forester saw co-worker/friend, Gail Chapman. Ms. Chapman confirmed Ms. Forester said she tripped and fell but did not mention a pressure washer. In contrast, Ms. Forester stated she told Ms. Chapman she "tripped over the [expletive] pressure washer." Ms. Chapman assisted her with minor first-aid for her knee and photographed it.

Then, Ms. Forester called co-worker/friend, Faith York, who worked in the truck shop. Ms. York stated Ms. Forester told her she tripped over a pressure washer wand but did not want to get anyone in trouble, so she said she was going to say she tripped over her own feet.

After Ms. Forester reported the injury to supervisor, Greg Muir, he completed an Incident Investigation Team Report. On the form, he noted Ms. Forester "was walking between office buildings" and stated to him, "I tripped over my own two feet." Mr. Muir also noted the concrete was dry, it was a sunny day, and it was 45 degrees. At trial, he stated that no pressure washer was located near the Mill Office; Mr. Hunt had only pressure washed the shop building.[3]

Mr. Muir maintained that the first time Ms. Forester told him about the pressure washer was approximately two to three weeks after her injury, when denied short-term

---

[2] Mr. Hunt's May 14, 2020 handwritten statement does not state she told him she tripped over her own feet.
[3] Mr. Muir stated that Ms. Forester and her attorney took the photographs of the buildings.

disability. Mr. Muir testified Ms. Forester said, "Somebody is going to [expletive] pay for this. If I can't get [short term disability], I'll file for workers' compensation. I'll say I fell over the power washer." Ms. Forester explained that she applied for short-term disability due to the pandemic, since she and her husband have heart conditions. She denied that the first time she told Mr. Muir about the pressure washer was two to three weeks after her injury.

Star Massey, a co-worker/friend, also testified about the pressure washer. She worked in the truck shop building with Ms. York, which is located approximately 400 feet from the incident site. After Ms. Forester called Ms. York, Ms. Massey stated she looked out a second-floor window towards Ms. Forester's building and saw a pressure washer lying by the steps but not on the platform. Further, Ms. Massey stated Ms. Forester never said she tripped over her own feet, only that she tripped over the wand.

On the day of injury, Ms. York took Ms. Forrester to the in-house clinic, where Ms. Forester completed an Employee's Report of Injury Form. She wrote the injury occurred in the driveway between two buildings. Ms. Forester also wrote, "walking between the building @ feed mill fell." In the Occupational Health Note, a nurse wrote, "EE brought in due to fall on same level pavement. EE walked between the driveways tripped [illegible] fell." Ms. Forester testified she intentionally did not mention the pressure washer because she did not want Mr. Hunt to get in trouble for leaving it unattended.

Later that day, Ms. Forester received treatment at an urgent care clinic. Records from the visit state she was there "after tripping on her feet, she reports and falling down with left knee, right hand and left elbow hitting the ground about 10:30 this morning."[4] The record does not mention a pressure washer.

Almost a month later, Ms. Forester sought treatment with orthopedist Dr. Jason Rogers.[5] She reported she was there "for evaluation of left knee pain after a fall at work on March 17, 2020 when she was walking and tripped." Ms. Forester continued treating with Dr. Rogers, who placed her at maximum medical improvement on March 9, 2021, with a one-percent whole-body rating. Although Dr. Rogers's medical records do not mention a power washer, Ms. Forester testified she was positive she told him about it.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, Ms. Forester must prove by a preponderance of the evidence that she is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2020).

---

[4] The evidence does not reflect whether Pilgrim's Pride authorized the visit.
[5] The evidence does not suggest whether Pilgrim's Pride authorized any of Dr. Rogers's treatment.

*Idiopathic Injury*

The threshold issue is whether Ms. Forester suffered an idiopathic injury. An idiopathic injury is defined as "one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at \*9 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015).

Here, the Court finds that Ms. Forester failed to show a "peculiar or additional" hazard of employment sufficient to cause her injury to arise out of her employment. "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Bullard v. Facilities, Performance Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at \*11 (Aug. 17, 2018).

Aside from her own testimony, Ms. Forester's only corroborating evidence that she tripped over a pressure washer rather than her feet was provided by two co-workers/friends. Faith York and Star Massey both stated Ms. Forester told them she tripped over a pressure washer. However, Ms. Massey said she saw the pressure washer by the steps, not on the platform. Further, Ms. York said Ms. Forester told her she planned to say she tripped over her own feet to keep Edwin Hunt from getting in trouble.

Nevertheless, Ms. Forester insisted that she told supervisors Jarred Webber and Greg Muir and co-worker/friend, Gail Chapman that she tripped over a pressure washer immediately after her fall. Mr. Webber and Ms. Chapman testified Ms. Forester told them she just fell, and Mr. Muir testified she told him she tripped over her own two feet.

Ms. Forester also asserted for the first time at trial that she could have been looking at the papers in her file folder, and she also blamed the step-off from the platform to the driveway for her fall.

In addition to conflicting witness testimony, the internal forms created on the date of the injury and the medical records are silent about a pressure washer or uneven walking surface. The Employee's Report of Injury Form completed by Ms. Forester specified she fell while "walking between the building and feed mill." The in-house nurse documented "EE brought in due to fall on same level pavement. EE walked between the driveways tripped [illegible] fell." The same day Ms. Forester reported "tripping on her feet" to the provider at the urgent care clinic. Dr. Rogers's medical records reflect Ms. Forester reported she was "walking and tripped." Ms. Forester introduced no evidence of any internal forms or medical records documenting a pressure washer or uneven walking surface as the cause of her fall.

Ms. Forester's credibility is intricately tied to her claim that she tripped over a

pressure washer. Considering the testimony and documentary evidence, the Court does not find Ms. Forester credible. Her arguments that she tripped over a pressure washer wand, could have been looking at papers in her file folder, or that the step-down from the platform to the driveway contributed to her fall, are not persuasive. Rather, the internal forms generated on the date of the fall, combined with the medical records and corroborating testimony, suggest Ms. Forester sustained an idiopathic injury when she tripped and fell over her feet while walking between two buildings on a level surface.

Therefore, the Court holds Ms. Forester failed to show, by a preponderance of the evidence, that her left-knee injury arose primarily out of her employment, and her claim for workers' compensation benefits is denied.

*Alternative Findings*

Solely in the event that an appellate court finds error in the compensability holding, the Court makes the following alternative findings for the sake of judicial economy. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131, 137-138 (Tenn. 2001). ("The trial court should . . . hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.")

Regarding permanent disability benefits, the parties stipulated to the following:

- Dr. Rogers placed Ms. Forester at maximum medical improvement on March 9, 2021, with a one-percent rating to the body as a whole.
- Her average weekly wage of $1,064.9 equates to a weekly compensation rate of $798.69.
- Ms. Forester is entitled to the multipliers of 1.35 for not returning to work and 1.2 because she is over forty years old.
- Ms. Forester's original award and resulting award total $5,822.46.

Therefore, the Court holds in the alternative that Ms. Forester is entitled to an original award of permanent partial disability benefits and increased benefits totaling $5,822.46.

As to future medical benefits, Ms. Forester had extensive medical treatment with Dr. Rogers. Ms. Forester is entitled future medical treatment with Dr. Rogers as her treating physician.

The parties stipulated Ms. Forester incurred $2,205.04 in out-of-pocket expenses and $608.18 in unpaid mileage. The Court holds that Ms. Forester is entitled to $2,813.22 for out-of-pocket expenses and unpaid mileage.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Forester's workers' compensation claim.

2. Pilgrim's Pride shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (Aug. 2019).

3. Pilgrim's Pride shall file form SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final in thirty days.

**ENTERED June 18, 2021.**

_Audrey Headrick_

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Medical records of Dr. Jason Rogers
2. Photos of accident scene
3. Incident Investigation Team Report
4. Employee's Report of Injury Form
5. Handwritten statement of Edwin Hunt
6. Occupational Health Note
7. Physicians Care medical note, dated March 17, 2020
8. Dr. Roger's office note, dated April 20, 2020
9. Photo of accident scene
10. Aerial photo of truck shop

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice, filed August 25, 2020
3. Request for Expedited Hearing
4. Motion for In-Person Evidentiary Hearing
5. Motion to Withdraw Expedited Hearing Request
6. Agreed Order
7. Scheduling Order
8. Agreed Order of Substitution
9. Dispute Certification Notice, filed May 28, 2021
10. Employer's Witness and Exhibit List
11. Employer's Trial Brief
12. Employee's Pre-Trial Memorandum
13. Pre-Compensation Hearing Statement
14. Plaintiff's Proposed Witness & Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Order was sent as indicated on June 18, 2021.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Brent Burks, Employee Attorney | | X | brentburks@mcmahanlawfirm.com |
| Cliff Wilson, Employer Attorney | | X | cwilson@howardtatelaw.com |

     /s/Penny Shrum     w/permission JD

Penny Shrum, Court Clerk

**WC.CourtClerk@tn.gov**